Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9

10

11   LAUREN ASHLEY MORGAN et al.,

12               Plaintiffs,

13      vs.

14   REALPAGE, INC. et al.,

15               Defendants.

16

Case No. 2:22-cv-01712-RSL

**PLAINTIFFS' MOTION TO APPOINT**
**INTERIM CO-LEAD COUNSEL FOR THE**
**MULTIFAMILY PLAINTIFFS**

Note on Motion Calendar: Jan. 6, 2023

17

18

19

20

21

22

23

24

25

26

**PLAINTIFFS' MOTION TO APPOINT INTERIM**
**CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL
2728003.2

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

## I.    INTRODUCTION

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiffs Lauren Ashley Morgan, Erik Barnes, Sherry Bason, Lois Winn, Georges Emmanuel Njong Diboki, Julia Sims, and Sophia Woodland (collectively, "Plaintiffs") respectfully request that this Court enter an order:

1. appointing Berger Montague PC ("Berger Montague"); Hausfeld LLP ("Hausfeld"); Lieff Cabreser Heimann & Bernstein, LLP ("LCHB") (together, "Proposed Co-Leads") as interim Co-Lead Class and Trial Counsel for the Multifamily Plaintiffs;

2. appointing Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel and Trial Counsel for the Multifamily Plaintiffs and Lead Counsel for the Student Renter Plaintiffs;[1] and

3. appointing a Plaintiffs' Executive Committee consisting of DiCello Levitt LLC ("DiCello Levitt"), Cotchett, Pitre & McCarthy, LLP ("CPM"), and Edelson PC ("Edelson").

This request is joined by the plaintiffs in the cases captioned *Navarro v. RealPage Inc et al*, No. 22-cv-01552-RSL; *Alvarez, et al. v. RealPage, Inc., et al*, No. 22-cv-01617-BJR; *Cherry, et al. v. RealPage, Inc., et al.*; No. 22-cv-01618-RSL, *Armas, et al. v. RealPage, Inc., et al.*, No. 22-cv-01726-TLF; *Johnson v. RealPage, Inc., et al.*, No. 22-cv-01734-RSL; *Silverman, et al. v. RealPage, Inc., et al,*, No. 22-cv-01740; *Bohn, et al. v. RealPage, Inc., et al*, No. 2:22-cv-01743; *Pham, et al. v. RealPage, Inc., et al*, No. 22-cv-01744; *Godfrey v. RealPage, Inc., et al.*, No. 2:22-cv-01759; and *Zhovmiruk v. RealPage, Inc., et al.*, 2:22-cv-1779. Plaintiffs are concurrently filing a motion with the plaintiffs in each of the above-captioned cases to consolidate all eleven of these cases into the *Navarro* action. These cases represent eleven out of the thirteen cases filed nationwide.[2]

---

[1] Hagens Berman's application to serve as Lead Counsel for the Student Renter Plaintiffs is set forth in the motion concurrently filed in the *Navarro* action.

[2] On December 14, 2022, weeks after the last case was filed in this District, a copycat action was filed in the District of Colorado. *Weaver v. RealPage, Inc. et al.*, 1:22-cv-3224 (D. Col.). The same firms filed a second complaint on December 16, 2022 in the District of Massachusetts. *White v. RealPage, Inc. et al.*, 1:22-cv-12134. (D. Mass.).

**PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL
2728003.2

- 1 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

The Proposed Co-Leads satisfy all of the criteria under Rule 23(g). First, they performed substantial work to identify and investigate the potential claims in this action, including filing the first complaint in the country. They began investigating the alleged antitrust violations more than a year prior to the Pro-Publica investigation that brought Defendants' actions to public attention. The Proposed Co-Leads devoted extensive time and resources to this effort. They engaged consulting experts, purchased and analyzed voluminous data on multifamily rental housing, interviewed more than 20 confidential witnesses, including high-level industry insiders, and dedicated hundreds of hours of attorney and staff time on the investigation alone. This significant effort allowed the Proposed Co-Leads to file the first complaint.[3]

Further, the Proposed Co-Leads have extensive experience in handling class actions, complex litigation, and antitrust cartel cases in particular, and they are committed to devoting significant resources to prosecuting this matter on behalf of the class, against dozens of well-funded and sophisticated defendants. Each firm has committed experienced attorneys—whose biographies are further detailed below—to prosecute these matters and to be responsible to this Court. These three firms have served as lead class counsel in dozens of class actions around the country and have obtained some of the largest class action verdicts and settlements that have ever been reached, with nearly ten billion in aggregate recoveries in antitrust cases alone in the last fifteen years (and far more in other cases). The Proposed Co-Leads represent a diverse slate of candidates that work well with counsel across all of the pending actions, as demonstrated by

Counsel for Plaintiffs are reaching out to those counsel to see if they will consent to transfer and consolidation in this District as well.

[3] Plaintiffs originally filed the first case in the nation in another district. As additional cases were filed around the country, including in this District, Plaintiffs dismissed and refiled in this District in order to efficiently coordinate with other counsel and prosecute this litigation without unnecessary duplication, as the U.S. Judicial Panel on Multidistrict Litigation advises. *See, e.g.*, *In re: Glaceau Vitaminwater Mktg. & Sales Pracs. Litig.*, 641 F. Supp. 2d 1381, 1381-82 (J.P.M.L. 2009) ("[P]laintiffs in the District of New Jersey action have attempted to dismiss their action and join in the complaint in the Eastern District of New York, which would negate the multidistrict character of this litigation. If the plaintiffs have managed to cooperate and have agreed to file in one district, we see no reason to discourage their efforts.").

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL                               - 2 -                               HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

1    the fact that their leadership proposal has been reached by consensus across all of the cases

2    pending in this District.

3            Given the scope of this action and the large number of Defendants, Plaintiffs also request

4    that the Court appoint additional members to a leadership structure, including Hagens Berman as

5    Liaison Counsel and Trial Counsel and a Plaintiffs' Executive Committee ("PEC") of three

6    additional firms.

7    ## II.   BACKGROUND

8            Plaintiffs challenge a conspiracy among Defendant Lessors[4] of residential real estate to

9    fix lease prices under Section 1 of the Sherman Act, 15 U.S.C. § 1. Plaintiffs allege that Lessors

10   effectuated their unlawful agreement through common use of a third party—Defendant

11   RealPage, Inc. ("RealPage," and together with Lessor Defendants, "Defendants")—that gathered

12   real-time pricing and vacancy data from Lessors, and made unit-specific pricing and vacancy

13   recommendations, with the intent and effect of raising lease prices above competitive levels.

14   Plaintiffs in all of the actions except the *Navarro* Action seek to represent classes of multifamily

15   real estate lessees ("Multifamily Plaintiffs").  The *Navarro* plaintiffs seek to represent a class of

16   student housing lessees ("Student Renter Plaintiffs"). Plaintiffs in all eleven cases in this District

17   have agreed on the consent leadership structure requested herein.

18   ## III.  LEGAL STANDARD

19           Rule 23(g)(3) of the Federal Rules of Civil Procedure permits the Court to designate

20   interim counsel to act on behalf of a proposed class before determining whether to certify the

21   action as a class action. The "designation of interim [lead] counsel clarifies responsibility for

22

23   [4] "Defendant Lessors" are: Greystar Real Estate Partners, LLC; Lincoln Property Co.; Cushman & Wakefield, Inc.;
     FPI Management, Inc.; RPM Living, LLC; BH Management Services, LLC; MidAmerica Apartment Communities,

24   Inc.; Morgan Properties, LLC; Avenue5 Residential, LLC; Bozzuto Management Company; AvalonBay
     Communities, Inc.; Highmark Residential, LLC; Equity Residential; The Irvine Company, LLC; Essex Property

25   Trust, Inc.; ZRS Management, LLC; Camden Property Trust; UDR, Inc.; CONAM Management Corporation;
     Cortland Partners, LLC; Thrive Communities Management, LLC; Security Properties Inc.; CWS Apartment Homes,

26   LLC; Prometheus Real Estate Group, Inc.; Sares Regis Group Operating, Inc.; Mission Rock Residential, LLC; and
     Morgan Group, Inc.

**PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL                                      - 3 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litig. § 21.11 (4th ed. 2022); *McFadden v. Microsoft Corp.*, No. C20-0640, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020). In considering a motion to appoint interim lead counsel, a court must determine who will best represent the interests of the class and maximize the class members' collective recoveries.[5] To make this determination, courts look to the factors outlined in Rule 23(g)(1)(A), including: (1) the work proposed interim lead counsel has performed in identifying or investigating the potential claims; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *Jama v. State Farm Fire & Cas. Co.*, 339 F.R.D. 255, 269 (W.D. Wash. 2021). No single factor is determinative. Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment.

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), and class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4); *see also Jama*, 339 F.R.D at 269; *Valve Antitrust Litig.*, 2022 WL 3346392, at *1. Courts in this Circuit have also stressed the importance of "making lead counsel opportunities available to a diverse slate of law firms and attorneys." Order Appointing Interim Class Counsel, *In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-05792, ECF No. 79 at 1 (N.D. Cal. Dec. 11, 2020); *see also In re Stubhub Refund Litig.*, No. 20-md-02951, 2020 WL 8669823, at *1 (N.D. Cal. Nov.

---

[5] Courts regularly appoint multiple co-lead counsel in large nationwide class actions such as this one. *See*, *e.g.*, *In re Valve Antitrust Litig.*, No. C21-0563, 2022 WL 3346392, at *1 (W.D. Wash. Aug. 12, 2022) (appointing four co-leads and noting that "a co-leadership structure, such as the one proposed here, is common for complicated putative class actions"); *Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20-CV-01126, 2021 WL 7081190, at *7 (C.D. Cal. Aug. 6, 2021) (appointing three co-leads); *Smallman v. MGM Resorts Int'l*, No. 2:20-cv-00376, 2021 WL 326135, at *2 (D. Nev. Feb. 1, 2021) (appointing four co-leads); *DDMB, Inc. v. Visa, Inc.*, No. 05-MD-1720, 2021 WL 6221326, at *50 (E.D.N.Y. Sept. 27, 2021) (same); *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 408-11 (S.D. Ohio 2021) (same).

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 4 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

18, 2020) (appointing as co-lead interim counsel applicants who "demonstrated careful attention to creating a diverse team").

## IV.   ARGUMENT

### A.   The Court Should Appoint Berger Montague, Hausfeld, and LCHB as Interim Co-Lead Class and Trial Counsel for the Multifamily Plaintiffs.

The standards outlined above strongly support the designation of Berger Montague, Hausfeld, and LCHB as interim Co-Lead Class and Trial Counsel. This consensus leadership application is a testament to the respect that the Proposed Co-Leads garner within the plaintiffs' bar. This application represents a diverse slate of attorneys who will best represent the interests of a diverse class of renters nationwide. Plaintiffs respectfully submit that the proposed class will also be well-served by the appointment of Hagens Berman as Liaison Counsel and Trial Counsel and DiCello Levitt, CPM, and Edelson as PEC members. The proposed class will benefit from the talent, experience, and resources these additional firms can bring to bear in this large, nationwide, multi-defendant case.

#### 1.   The Proposed Co-Leads Have the Experience Necessary to Serve as Interim Lead Class Counsel and Have Extensive Knowledge of the Applicable Law.

Class members will benefit by the appointment of counsel who have the experience of advancing complex antitrust litigation in similar cases. Attorneys from Berger Montague, Hausfeld, and LCHB have prosecuted some of the most significant antitrust class actions in the past two decades, recovering billions of dollars as well as injunctive relief for affected consumers. The Proposed Co-Leads' vast experience in antitrust is described in further detail below and in the firm resumes attached as Exhibits A-C to the Declaration of Swathi Bojedla.

##### a.   Berger Montague

Described by *Chambers & Partners* as a "[b]outique firm with deep expertise in complex antitrust litigation," Berger Montague, which has one of the largest antitrust departments of any plaintiffs' class action firm, has been engaged in the practice of complex and class action

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 5 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

litigation for 50 years. Since its founding, Berger Montague has been a leading nationwide advocate for clients and class members in many of the most important complex antitrust cases ever litigated, and the U.S. edition of *The Legal 500* has recommended Berger Montague as a "Tier 1 Firm" for representing plaintiffs in antitrust class action litigation and describes the firm as "excellent."

Berger Montague's recent successes as lead or co-lead counsel in antitrust class actions are numerous and include *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-01720 (E.D.N.Y.) ("*Payment Card*") (settlement of approximately $5.6 billion); *In re Namenda Direct Purchaser Antitrust Litigation*, No. 1:15-cv-07488 (S.D.N.Y.) ($750 million class settlement); and *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-cv-01797 (E.D. Pa.) ($512 million class settlement), to name a few. Berger Montague is also currently lead or co-lead counsel in more than two dozen of the largest and most complex antitrust class actions in courts around the country, including *In re Google Digital Publisher Advertising Antitrust Litigation*, No. 5:20-cv-03556 (N.D. Ca.) (co-lead counsel for the class of digital publishers against Google relating to Google's digital advertising products); *Henry, et al. v. Brown University, et al.*, No. 1:22-CV-00125 (N.D. Ill.) (co-lead counsel for the class of current and former students of sixteen elite universities alleging a conspiracy to reduce financial aid awards); and *In re Broiler Chicken Grower Antitrust Litigation*, No. 6:20-md-2977 (E.D. Okla.) (co-lead counsel for a class of chicken farms in a pay suppression case alleging that the major chicken processors—six defendants and numerous third-party co-conspirators—illegally shared farmer compensation information and illegally conspired not to recruit each others' farmers).

**Eric L. Cramer**, Chairman of Berger Montague and Co-Chair of the firm's Antitrust Department, has a national practice in the field of complex litigation, primarily in the area of antitrust class actions. In 2020, *Law360* named Mr. Cramer a Titan of the Plaintiffs Bar; in 2018, *Best Lawyers* named him Philadelphia's antitrust "Lawyer of the Year;" and in 2017, he won the

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 6 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

American Antitrust Institute's Antitrust Enforcement Award for Outstanding Antitrust Litigation Achievement in Private Law Practice. *Chambers & Partners* has repeatedly ranked Mr. Cramer in the top tier in the field of antitrust nationally and has observed that Mr. Cramer is "really a tremendous advocate in the courtroom, with a very good mind and presence." Since 2011, *The Legal 500* has selected him as one of the country's top lawyers in the field of complex antitrust litigation. Mr. Cramer examined and cross-examined multiple expert witnesses in the recent jury trial of the *Capacitors* matter, which ultimately recovered over $600 million for the class.

**Daniel J. Walker** is a Shareholder of Berger Montague and, over his career spanning private practice and government service, has litigated and advised clients in myriad antitrust disputes. Mr. Walker has played important roles in *In re Loestrin 24 Fe Antitrust Litigation*, No. 1:13-md-02472 (D.R.I.) (settlements totaling $120 million for purchasers of hormonal birth control pills), *In re Titanium Dioxide Antitrust Litigation*, No. 10-cv-318 (D. Md.) (settlements totaling $163.5 million for purchasers of titanium dioxide), *In re High-Tech Employee Antitrust Litigation* ("*High-Tech*"), No. 11-cv-2509 (N.D. Cal.) (settlements totaling $435 million for workers in the high tech industry), and *Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, No. 11-7178 (D.N.J.) ($61.5 million settlement on behalf of pediatricians who purchased meningococcal vaccine). While an attorney in the Health Care Division at the FTC from 2014 to 2017, Mr. Walker litigated, among other matters, *FTC v. Cephalon Inc.*, No. 08-cv-0244 (D.D.C.), a "pay-for-delay" lawsuit that settled before trial for injunctive relief and $1.2 billion—the largest equitable monetary relief ever secured by the FTC.

**Michaela L. Wallin** is a Shareholder of Berger Montague in the firm's antitrust and employment departments. Ms. Wallin litigates complex cases on behalf of consumers, workers, businesses, and public entities, with a focus on antitrust and labor matters. She has robust experience investigating and developing antitrust cases, navigating complex legal and factual issues, negotiating discovery, synthesizing and distilling conspiracy evidence, and working with experts. Ms. Wallin has played significant roles in litigation that has achieved notable recoveries

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 7 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

for classes harmed by anticompetitive conduct, including *In re Broiler Chicken Grower Antitrust Litigation*, No. 6:20-md-2977 (E.D. Okla.) ($51.25 million in settlements to date) and *In re Opana ER Antitrust Litigation*, No. 14-cv-10150 (N.D. Ill.) ($145 million in settlements). Ms. Wallin was recently named by *Best Lawyers* in its 2023 list of "Ones to Watch."

### b.  Hausfeld

Hausfeld is widely recognized as one of the nation's preeminent plaintiffs' firms, and its attorneys possess wide-ranging expertise in class action litigation, particularly in antitrust. The firm and its attorneys have, in recent years, served as lead or co-lead counsel in more than 30 major antitrust class action cases. Hausfeld has been involved in some of the most challenging and complex antitrust cases in the past two decades and has achieved many precedent-setting legal antitrust decisions. *See* Ex. B, Hausfeld LLP Firm Resume. Hausfeld has won landmark trials, moved the law forward on private antitrust enforcement, and recovered billions of dollars on behalf of the classes they represent. *See e.g.*, *In re LIBOR-Based Fin. Instruments Antitrust Litigation*, No. 11-md-2262 (S.D.N.Y.) ("*LIBOR*") and *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-07789 (S.D.N.Y.) ("*Forex*") (over $2.9 billion in final approvals of settlements achieved for class members in 2017-18 in these two cases alone). A recent industry report recognized Hausfeld as the #1 plaintiffs' firm in settlement class recovery, having negotiated and finalized over $5.2 billion in settlements since 2009.[6] As the Global Competition Review recently proclaimed, "the lawyers at Hausfeld have established themselves as one of—if not the—top plaintiffs' antitrust firm in the US."

Courts around the country regularly recognize Hausfeld's ability to achieve excellent results for the classes that it represents. In *In re Blue Cross Blue Shield Antitrust Litigation*, No. 13-cv-20000 (N.D. Ala.) ("*BCBS*"), the court lauded the settlement achieved by Hausfeld as co-lead counsel as "historic, transformative, pro-competitive [relief] that will greatly benefit the

---

[6] Davis, Josh P. and Rose Kohles Clark, *2021 Antitrust Annual Report: Class Actions in Federal Court* (April 2022), *available at* https://papers.ssrn.com/sol3/papers.cfm?abstract_id=4117930

**PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL                                    - 8 -                    HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

members" of the class. Dkt. No. 2932. In *In re International Air Passenger Surcharge Antitrust Litigation*, No. 06-md-01793 (N.D. Cal.), in approving a $200 million class settlement, the court found that Hausfeld lawyers achieved "really, an outstanding settlement . . . and brought an enormous expertise and then experience in dealing with the case." And in *O'Bannon v. National Collegiate Athletic Association*, the court compared Hausfeld's work at trial to Game of Thrones, "where individuals with seemingly long odds overcome unthinkable challenges . . . . For plaintiffs, their trial victory in this adventurous, risky suit, while more than a mere game, is nothing less than a win . . ." 114 F. Supp. 3d 819, 830 (N.D. Cal. 2015) ("*O'Bannon*").

Representative matters on which Hausfeld attorneys on the proposed leadership slate have performed significant work include: *O'Bannon* (winning three-week antitrust trial and securing permanent injunctive relief allowing college athletes to receive payments for their likeness rights) (Swathi Bojedla); *LIBOR* (certifying litigation class of direct purchasers of over-the-counter financial instruments that received suppressed interest rate payments, securing $590 million in settlements with four defendant banks while the litigation continues against the remaining sixteen defendant banks) (Gary I. Smith, Jr.); *Forex* (over $2 billion in settlements reached on behalf of class of direct purchasers of over-the-counter financial instruments that received manipulated foreign exchange rates) (Katie R. Beran).

**Swathi Bojedla** is a partner at Hausfeld, where she has over ten years of experience representing clients in class action antitrust litigation. Ms. Bojedla has been directly involved in negotiating over $3.5 billion in settlements for her clients. She has been instrumental in some of the largest class actions in the past decade, including *BCBS*, *O'Bannon*, and *In re Rail Freight Fuel Surcharge Litigation II*, MDL 2925 (D.D.C.). Ms. Bojedla regularly takes the lead in organizing efficient and effective discovery plans across multiple plaintiffs and defendants. In *BCBS*, she led discovery efforts against 36 different defendants. In *Rail Freight II*, she is the lead attorney coordinating discovery of defendants across over 100 plaintiffs. Ms. Bojedla has received numerous accolades for her litigation achievements, including: the 2021 Global

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 9 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

Competition Review award for Litigation of the Year for her work on *BCBS* (an award she also received in 2014 for *NCAA*); the American Antitrust Institute's Outstanding Antitrust Litigation Achievement in Private Law Practice in both 2015, 2016, and 2021; Law360's "Rising Star Under 40" for Sports Law; and Washington Business Journal's Minority Business Leader award.

**Gary I. Smith, Jr.** is a partner in Hausfeld's San Francisco Office, where he focuses his practice on antitrust litigation. He serves as co-lead counsel in *LIBOR*, where he represents a certified class of investors alleging collusive manipulation of the world's preeminent financial benchmark by sixteen of the world's largest financial institutions, having recovered $590 million in settlements from four defendants, and continuing to litigate against the remaining twelve. He also serves as co-lead counsel on behalf of a proposed class of broiler chicken farmers alleging collusive pay suppression through information sharing and "no poach" agreements among major poultry companies, where he has recovered over $50 million in settlements and continues to litigate against the remaining defendants. Collectively, he has recovered nearly a billion dollars on behalf of plaintiff classes in antitrust cases involving myriad industries, including healthcare markets, aviation and transportation markets, financial services markets, and agricultural markets. He regularly contributes to antitrust scholarship, having authored articles for Hausfeld's Competition Bulletin, the ABA's Young Lawyer Division, the ABA's Health Care Chronicle, and most notably, contributed to the ABA's Antirust Law Developments treatise. And he has been recognized as a Rising Star by Law360, a Trailblazer by the Legal Intelligencer, and a Rising Star in Antitrust Litigation by Pennsylvania Super Lawyers in every year since 2017.

**Katie R. Beran** is a partner in Hausfeld's Philadelphia office. She focuses on complex litigation on behalf of plaintiffs in the areas of antitrust and environmental litigation, and she also maintains a robust pro bono practice. Ms. Beran has received many accolades in recognition of her work, including being named a 2020 "On the Rise – Top 40 Young Lawyer" in the country by the American Bar Association. Her recent antitrust experience includes *In re Google Play Developer Antitrust Litigation*, where Hausfeld was Co-Lead Counsel and Ms. Beran was

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 10 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

1   personally appointed as one of the lead attorneys representing a nationwide class of app

2   developers, and ultimately achieved a $90 million settlement for the class, along with significant

3   injunctive relief. Ms. Beran managed critical aspects of this complex multidistrict litigation,

4   including overseeing the review and analysis of more than 5.7 million documents in preparation

5   for dozens of depositions and expert reports, as well as strategy coordination with co-lead

6   counsel for the consumer class and the Attorneys General of thirty-six states and the District of

7   Columbia. Ms. Beran also served as one of the lead attorneys in *In re Thalomid and Revlimid*

8   *Antitrust Litigation*, the first class case to allege abuse of the REMS restricted distribution

9   system to block generic entry of life-saving cancer medication that settled for $34 million, and

10  managed the firm's Philadelphia team on *Forex*, in which Hausfeld has secured more than $2.3

11  billion in settlements as co-lead counsel.

12                               **c.   LCHB**

13       Founded in 1972, LCHB is one of the nation's largest and most successful firms that

14  represent only plaintiffs. In 2020, the *American Lawyer* selected LCHB as the nation's top

15  "Boutique/Specialty Law Firm," and in 2019 selected LCHB as the only plaintiffs' firm in its list

16  of top 50 litigation departments in the United States. Lieff Cabraser has played a lead role in

17  obtaining 86 verdicts and settlements valued at over $100 million, including 28 verdicts and

18  settlements valued at over $1 billion.  For instance, in 2016, LCHB as lead class counsel secured

19  the largest consumer settlement ever achieved.  *In re Volkswagen 'Clean Diesel' Marketing,*

20  *Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.) (settlements

21  totaling $14.7 billion).

22       LCHB has litigated major antitrust class actions including: *In re Cipro Cases I & II*, No.

23  S198616 (Cal. Super. Ct.) and *Cipro Cases I & II*, JCCP Proceedings Nos. 4154 & 4220 (San

24  Diego Super. Ct.) ("*Cipro Cases*"), where LCHB was co-lead class counsel and achieved total

25  settlements of $399 million obtained on the eve of trial, nearly $68 million more than estimated

26  damages; *In re TFT-LCD Antitrust Litigation* ("*Flat Panel*"), MDL No. 1827 (N.D. Cal.), where

**PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL                                          - 11 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

LCHB served as co-lead class counsel representing direct purchasers, recovering over $470 million and a jury verdict against Toshiba; *High-Tech*, No. 11-cv-2509 (N.D. Cal.), where LCHB served as co-lead class counsel in a consolidated class action charging that high technology companies violated antitrust laws by conspiring to suppress the pay of technical workers and secured a $435 million recovery, the largest recovery of an employee class against non-governmental defendants ever; *In re California Bail Bond Antitrust Litigation* ("*Bail Bonds*"), No. 3:19-cv-00717-JST (N.D. Cal.), where LCHB serves as interim lead class counsel for California bail bond purchasers alleging a conspiracy among sureties and bail agents to inflate bail bond prices; *Haley Paint Co. v. E.I. Dupont De Nemours & Co. et al.*, No. 10-cv-00318-RDB (D. Md.), where LCHB served as co-lead counsel for direct purchasers of titanium dioxide alleging that chemical manufacturers participated in a global cartel to fix titanium dioxide prices and secured settlements totally $163.5 million on the eve of trial; and *In re Railway Industry Employee No-Poach Antitrust Employee No-Poach Antitrust Litigation* ("*Rail*"), MDL No. 2850 (W.D. Pa.) where LCHB was co-lead counsel in an action alleging that rail equipment companies entered into unlawful agreements not to compete for each other's employees, and achieved $48.95 million in settlements on behalf of the class.

**Dean M. Harvey** is a partner in LCHB's San Francisco office, and specializes in representing plaintiffs in complex antitrust litigation. The *Daily Journal* selected him twice as among the top antitrust lawyers in California, and the American Antitrust Institute awarded him its Outstanding Antitrust Litigation Achievement in Private Practice Award. He was the architect of the groundbreaking *High-Tech* case, which served as the model for subsequent antitrust cases challenging agreements among employers not to compete for each other's workers. He has served as court-appointed co-lead class counsel in many such "no-poach" cases, such as *Rail* (W.D. Pa.); *In re Outpatient Medical Center Employee Antitrust Litigation*, 1:21-cv-00305 (N.D. Ill.) (the parallel civil litigation to the United States Department of Justice's first criminal prosecution of no-poach agreements); *Seaman v. Duke University, et. al.*, 1:15-cv-465

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 12 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

(M.D.N.C.) and *Binotti v. Duke University*, 1:20-cv-470 (M.D.N.C.) (both cases on behalf of thousands of faculty members, challenging an agreement between Duke and the University of North Carolina not to compete for each other's faculty).   He served as Co-Chair of the Competition Torts Committee of the ABA's Antitrust Section. His experience includes leadership roles in antitrust litigation spanning many industries, from pharmaceuticals to high technology to agriculture, and he has recovered billions of dollars for his clients.

**Brendan P. Glackin** chairs the firm's Antitrust Practice Group. He has practiced antitrust law for over two decades, has tried more than 20 civil and criminal cases to verdict, and is no stranger to high-stakes antitrust litigation. He presently has been retained as lead trial counsel by a coalition of 39 attorneys general, in a case alleging that Google has monopolized the distribution of apps on Android phones. He also presently serves as lead counsel for a proposed class of wireless subscribers challenging the 2020 merger of T-Mobile and Sprint. *Dale, et al. v. Deutsche Telekom AG, et al.*, No. 1:22-cv-3189 (N.D. Ill.). His past successes include *Haley Paint Co.*, ($163.5 million recovered); *Flat Panel*, ($470 million recovered); and *Meijer, Inc. et al. v. Abbott Laboratories* ("*Norvir*"), No. 4:07-cv-05985 (N.D. Cal.) ($52 million recovered). Mr. Glackin also has contributed groundbreaking work in litigation against drug makers for blocking access to affordable generics, including the blockbuster brand-name prescription drug Cipro, *Cipro Cases* ($399 million recovered),  which led to a 2016 "California Lawyer Attorney of the Year" (CLAY) award. In 2019, 2020 and 2021, Mr. Glackin was named one of Lawdragon's 500 Leading Lawyers in America and The Daily Journal named him a Top Antitrust Lawyer in California in 2020. He has regularly taught trial advocacy through the Practising Law Institute (PLI) and the National Institute for Trial Advocacy (NITA). He serves as a Co-Chair of the Pricing Conduct Committee of the American Bar Association Section of Antitrust Law.

**Dan Drachler** is of counsel in LCHB's Seattle office and has over 30 years' experience representing the interests of consumers, businesses, Native American tribes, and state and local

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 13 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

1  governments in a wide range of matters. Mr. Drachler has held leadership positions in class

2  action litigation and matters of public policy, both as an attorney and counselor in private

3  practice as well as on behalf of state and local governments. Mr. Drachler was the recipient of

4  the 2017 American Antitrust Institute's Enforcement Award for Outstanding Antitrust Litigation

5  Achievement in Private Law Practice. In 2016, Mr. Drachler received the CLAY Award as an

6  Attorney of the Year in Antitrust for his work on the groundbreaking decision of the California

7  Supreme Court in the *Cipro Cases*. Mr. Drachler has served in court-appointed leadership roles

8  in numerous antitrust, RICO and consumer class actions over the past 20 years. Currently, Mr.

9  Drachler serves as a member of the Tribal Leadership Committees in *In re National Prescription*

10  *Opiate Litigation* (MDL-2804 N.D. Ohio), and in I*n re Juul Labs, Inc., Marketing, Sales*

11  *Practices, and Product Liability Litigation* (MDL-2913 N.D. Cal.).  He was also appointed co-

12  lead counsel in *In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (Cal. Super.).

13      The Proposed Co-Leads have also worked well together to prosecute antitrust class action

14  cases for years, including *In re Dental Supplies Antitrust Litigation*, No. 16-cv-696 (E.D.N.Y.)

15  (Berger Montague and Hausfeld obtained class settlement of $80 million); *Adriana M. Castro,*

16  *M.D., P.A*, No. 11-7178 (D.N.J.) (Berger Montague and Hausfeld obtained class settlement

17  totaling $61.5 million); *In re Broiler Chicken Grower Antitrust Litigation*, MDL No. 6:20-md-

18  2977 (E.D. Okla.) (Berger Montague and Hausfeld have so far obtained settlements totaling

19  $51.25 million); *High-Tech*, No. 11-cv-2509 (N.D. Cal.) (LCHB and Berger Montague obtained

20  $435 million recovery); *City of Philadelphia v. Wells Fargo & Co.*, No. 17-cv-2203 (E.D. Pa.)

21  (Berger Montague and LCHB obtained $10 million in programmatic relief in a discrimination

22  action on behalf of Philadelphia minority mortgage borrowers).

23      The Proposed Co-Leads' extensive experience in this area of law, combined with their

24  successful resolution of similar cases, demonstrate their unique qualifications to serve as co-lead

25  counsel here.

26

**PLAINTIFFS' MOTION TO APPOINT INTERIM**
**CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL

- 14 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

### 2. The Proposed Co-Leads Have Performed Significant Work in Investigating and Prosecuting this Case.

The Court should consider the work that Berger Montague, Hausfeld, and LCHB have already performed in investigating and prosecuting this case. Fed. R. Civ. P. 23(g)(1)(A). The Advisory Committee Notes (2003 amendment) provide that the investigatory and analytical efforts of counsel are an important factor in appointing lead class counsel:

> [i]n a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

5 James Wm. Moore *et al.*, *Moore's Fed. Prac.* § 23.120[3][a] (3d. ed. 2007). *See also Ekin v. Amazon Servs., LLC*, No. C14-0244, 2014 WL 12028588, at *4 (W.D. Wash. May 28, 2014) (finding appointed class counsel was "best able to represent the interests of the class" where "counsel spent more than a year investigating the factual basis for the current lawsuit, . . . and spent a significant amount of time drafting the complaint and crafting the legal theories at issue" and had "extensive experience representing individuals as lead class counsel in major class actions, and have been quite successful in the results obtained on behalf of those individuals.").

Berger Montague, Hausfeld, and LCHB have filed a comprehensive, 33-page complaint detailing their allegations and claims. The Proposed Co-Leads filed the first complaint concerning Defendants' cartel—later dismissed and refiled in this District, consistent with the Judicial Panel on Multidistrict Litigation's ("JPML") instruction that Plaintiffs must explore alternatives to centralization, such as seeking to privately agree on a consensus jurisdiction, prior to burdening the JPML with a centralization motion under Section 1407[7]—which was the result

---

[7] *In re: Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L 2012) ("The Panel has often stated that centralization under Section 1407 'should be the last solution after considered review of all other options.' *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 15 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

of a significant, independent investigation. That investigation began over a year before this issue entered the public consciousness with the publication of the ProPublica investigation.[8] The initial complaint contained detailed factual allegations derived from interviews with over 20 confidential informants, including high-level industry insiders, work with experts and review of voluminous data, and other independent investigation. Indeed, the Proposed Co-Leads dedicated hundreds of hours of attorney and staff time to investigating and crafting the legal theories at issue. The proposed Co-Leads did not have the benefit of a government investigation, nor did they simply file a copycat complaint relying on other attorneys' work product. Instead, the Proposed Co-Leads devoted a year to chasing down the allegations that laid the foundation for their initial complaint, and indeed, many of the complaints that followed relied on this work.

Proposed Co-Leads are uniquely situated to efficiently prosecute this case based on the information they have already received and reviewed, their familiarity with the claims, their relationships with numerous confidential witnesses, and their ongoing discussions with dozens of Plaintiffs and prospective class members.

### 3. The Proposed Co-Leads Have the Staffing and Resources Necessary to Aggressively Prosecute This Case.

Proposed Co-Leads have the resources necessary to prosecute this action in the best interests of the proposed class. Fed. R. Civ. P. 23(g)(1)(A)(iv). Across their firms, Proposed Co-Leads employ over 250 lawyers across the United States, with offices in many major metropolitan areas including Seattle, San Francisco, Denver, New York, Washington, D.C., Philadelphia, Boston, San Diego, Nashville, and Minneapolis. The Proposed Co-Leads regularly prosecute major antitrust litigation such as this one, against large and well-funded groups of

---

(J.P.M.L. 2011). These options include: Section 1404 transfer; dismissal or stay under the first-to-file doctrine; agreement by plaintiffs to voluntarily dismiss their actions in favor of one district; and cooperation and coordination among the parties and the various transferor courts.").

[8] Heather Vogell, *Rent Going Up? One Company's Algorithm Could Be Why.*, ProPublica (Oct. 15, 2022), https://www.propublica.org/article/yieldstar-rent-increase-realpage-rent; *Morgan* Dkt. 1 ¶¶ 10, 76-77, 81, 92 (referencing interviews with seven confidential informants that began on November 5, 2021).

PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 16 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

defendants. *See, e.g.*, *BCBS* (as co-lead counsel, Hausfeld litigated against 36 separate defendants for 9 years before final approval of a global settlement); *In re Capacitors Antitrust Direct Purchaser Litigation*, No. 3:14-cv-03264 (N.D. Cal.) (as co-lead counsel, Berger Montague litigated against 27 separate defendants in a case that extended for over six years, until Plaintiffs reached settlements with all defendants); *In re Broiler Chicken Grower Antitrust Litigation*, No. 6:20-md-2977 (E.D. Okla.) (as co-lead counsel, Berger Montague and Hausfeld litigated a twenty co-conspirator cartel case involving the suppression of broiler chicken farmer pay); *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.) (LCHB served as interim co-lead class counsel for indirect purchasers recovering over $113 million for indirect purchaser class members against eight defendants). The Proposed Co-Leads have repeatedly demonstrated their commitment to representing the interests of the classes they represent in lengthy, wide-ranging, and costly litigation. They have the resources necessary to litigate this case vigorously to its conclusion. Accordingly, Berger Montague, Hausfeld, and LCHB easily satisfy this requirement.

### 4. Berger Montague, Hausfeld, and LCHB Will Work Cooperatively with All Other Interested Counsel to Achieve the Best Result Possible for the Class.

Courts may also consider any other factors that are relevant to the appointment of lead counsel. Fed. R. Civ. P. 23(g)(1)(B). Here, one important factor is Proposed Co-Leads' demonstrated ability to work efficiently and cooperatively with co-counsel. There are currently eleven cases pending in this District, with dozens of plaintiffs represented by 19 firms. Since the Proposed Co-Leads filed the first case on October 18, 2022, they have been coordinating closely with all of the firms involved in these pending cases (and have also reached out to the firms with late-filed cases). Proposed Co-Leads have worked with other plaintiffs' counsel to consolidate nearly all of the pending cases and to create a consensus leadership structure in the best interests of the class. As noted throughout, Proposed Co-Leads also have significant experience working

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 17 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

with each other and with the other plaintiffs' firms in prior and ongoing litigation. Each of the firms who has brought a case to date is highly qualified in complex litigation, and Proposed Co-Leads are committed to drawing on their experience to benefit the class, where efficient and economical to do so.

### 5.  Appointing Berger Montague, Hausfeld, and LCHB as Interim Co-Lead Class Counsel Will Further the Demonstrated Commitment of Ninth Circuit Courts to Promoting Diversity in Leadership Positions.

Courts in this Circuit have demonstrated a commitment to diversity in leadership. These principles are embodied in decisions like *In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-05792, Dkt. 79 at 1, where, in the order appointing interim class counsel, the court observed: "The attention to the Court's concerns about making lead counsel opportunities available to a diverse slate of law firms and attorneys was another positive aspect of the proposal." *See also Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (appointing as co-lead interim counsel applicants who "demonstrated careful attention to creating a diverse team"); *In re Robinhood Outage Litig.*, No. 20-cv-01626, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) (holding that "the attorneys running this litigation should reflect the diversity of the proposed national class").

Multifamily residential real estate prices and housing insecurity disproportionately affect women and people of color and, therefore, it is important that interim co-lead counsel include women and lawyers of color to represent the proposed national class.[9] The proposed leadership structure, including Michaela Wallin, Swathi Bojedla, and Katie Beran from the Proposed Co-Leads, as well as Gregory Asciolla, Karin Garvey, Elizabeth Castillo, Yaman Salahi, and Solange Hilfinger-Pardo from the Plaintiffs' Executive Committee, will do just that.

---

[9] Albinder, Sammi et al., *The Roots of Discriminatory Housing Policy: Moving Toward Gender Justice in Our Economy*, NATIONAL WOMEN'S LAW CENTER (Aug. 2022), https://nwlc.org/wp-content/uploads/2022/08/Housing-Paper-Accessible-FINAL-1.pdf.

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL                - 18 -                HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

The Proposed Co-Leads have a demonstrated commitment to diversity, equity, and inclusion.  Berger has a DEI Task Force and has enacted a broad range of diversity and inclusion projects. This has included successful efforts to hire and retain attorneys and non-attorneys from diverse backgrounds and to foster an inclusive work environment, including through firmwide trainings on implicit bias issues that may impact the workplace. Additionally, at Berger Montague, women comprise over 30% of Berger Montague's shareholders, well above the national average as reported by the National Association of Women Lawyers. Hausfeld has achieved Mansfield Certification Plus, meaning that in addition to meeting criteria for recruitment and hiring of underrepresented groups, Hausfeld successfully achieved 30% or more diverse representation in current leadership roles, formal client pitches, and staffing on key matters. 42% of Hausfeld's U.S. attorneys and 41% of its U.S. partners are women, and Hausfeld regularly advances women for leadership roles in cases, as it is doing here. LCHB is a leader in the plaintiffs' bar in creating meaningful opportunities, including positions of leadership, for women, people of color, and other diverse persons. Several of LCHB's women attorneys serve in leadership roles at the firm, including Elizabeth J. Cabraser, who is a named partner.  Half of the firm's practice groups are led by women or people of color, and nearly half of the firm's equity partners are women or people of color.

**B.      The Court Should Appoint Hagens Berman as Liaison Counsel for the Multifamily Plaintiffs.**

Berger Montague, Hausfeld, and LCHB propose that the Court appoint Hagens Berman as Liaison Counsel and Trial Counsel. Hagens Berman has significant experience in numerous large antitrust class actions throughout the United States. Hagens Berman's qualifications are set forth in detail in the accompanying motion to appoint Hagens Berman as lead counsel in the *Navarro* case on behalf of the student renter class. *See also* Bojedla Decl. Ex. D (Hagens Berman Firm Resume).

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL                                  - 19 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

1    In particular, Steve Berman, the founder and managing partner of Hagens Berman, will

2    act as lead attorney for Hagens Berman as Liaison Counsel and Trial Counsel. Mr. Berman has

3    extensive experience both in antitrust class actions and in this District. Mr. Berman served as

4    lead trial counsel in *In re: National Collegiate Athletic Association Athletic Grant-In-Aid Cap*

5    *Antitrust Litigation*, No. 4:14-md-02541-CW (N.D. Cal.), an antitrust class action on behalf of

6    college athletes that resulted in groundbreaking injunctive relief following a bench trial. The

7    relief awarded to the class was affirmed by a unanimous decision of the Supreme Court. *See*

8    *Nat'l Collegiate Athletic Ass'n v. Alston,* 141 S. Ct. 2141 (2021). Mr. Berman has also served as

9    lead counsel in numerous other significant class actions. *See In re EBooks Antitrust Litigation*,

10   No. 11-md-02293 (S.D.N.Y.) (Mr. Berman acted as co-lead counsel on behalf of a class of

11   eBooks purchasers that recovered $566 million—twice the estimated damages); *In re Toyota*

12   *Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability*

13   *Litigation*, No. 10-md-02151 (C.D. Cal.) (Mr. Berman was identified by Judge James V. Selna

14   *sua sponte* as presumptive co-lead counsel; the class secured a $1.6 billion settlement with

15   consumers recovering 100 percent of their losses). Hagens Berman is also currently acting as

16   counsel on behalf of the proposed class in *Frame-Wilson v. Amazon*, No. 2:20-cv-00424 (W.D.

17   Wash.), an antitrust class action on behalf of a proposed class of millions of consumers injured

18   by anticompetitive conduct of Amazon.

19   Hagens Berman is headquartered in Seattle and is well situated to work as liaison

20   counsel. In particular, Hagens Berman has also actively assisted in Plaintiffs' voluntary efforts to

21   coordinate cases in Western District of Washington and has worked with a number of other firms

22   as local counsel, assisting in the process by which Plaintiffs have voluntarily coordinated the

23   actions in order to centralize the litigation and conserve judicial resources. Hagens Berman has

24   also taken a significant, substantive role in developing the multifamily cases. Hagens Berman

25   filed a complaint, *Cherry*, focused on the Seattle submarket, that contained significant original

26

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 20 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

work product, including unique expert economic analysis and significant allegations based on statements from confidential witnesses.  *Cherry* Dkt. 1 ¶¶ 6-10.

### C.    The Court Should Establish a Plaintiffs' Executive Committee of Three Additional Firms to Assist in Prosecuting this Litigation.

Berger Montague, Hausfeld, and LHCB also propose that the Court appoint DiCello Levitt, CPM, and Edelson to a Plaintiffs' Executive Committee ("PEC"). A PEC will be beneficial for a number of reasons, above and beyond the decades of class action and subject matter experience these firms bring to the litigation. First, with such a large number of defendants, Proposed Co-Leads can rely on these additional firms, and their significant experience, to assist in discovery against each independent company and ensure that this action can progress quickly towards trial. The proposed PEC members also have offices across the country, in geographically diverse locations, which matches the geographic spread of the defendants and class members. These include offices in Seattle, Cleveland, Chicago, Birmingham, Boulder, and Santa Monica. As this case enters discovery, these firms will expand the availability of cost-effective options, cutting down on travel and other costs. Finally, each of these firms has conducted their own independent investigation and class member outreach, and the class can benefit from this knowledge. Proposed Co-Leads are committed to supervising the PEC to ensure that there will be no unnecessary duplication of work.

#### 1.    DiCello Levitt

**DiCello Levitt's** highly-experienced antitrust attorneys have led the charge on some of the most significant private antitrust litigation over the last several decades, and the firm's Antitrust and Competition Litigation Practice is highly-regarded for its record of success in challenging global anticompetitive conduct. The antitrust attorneys at DiCello Levitt have litigated some of the largest federal and state antitrust class action lawsuits in the U.S., often filing the first case and advancing novel theories through our efforts. The firm's attorneys have garnered national and international recognition, including *Chambers & Partners* and *The Legal*

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL                                    - 21 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

*500*.  Notably, the firm's antitrust attorneys have helped secure billion-dollar recoveries, including in *In re Air Cargo Shipping Services Antitrust Litigation* (over $1.2 billion in recoveries from nearly 30 global airlines), *Alaska Electrical Pension Fund v. Bank of America, Corp.*, No. 14-cv-7126 (S.D.N.Y.) (over $500 million from several major dealer banks) and *In re Foreign Exchange Benchmark Rates Antitrust Litigation* (over $2.3 billion from over a dozen major financial institutions).  DiCello Levitt has also been recognized by courts for its commitment to providing opportunities to attorneys from historically underrepresented groups. *See* Bojedla Decl. Ex. E (DiCello Levitt Firm Resume).

**Gregory Asciolla** is a Partner in the New York office of DiCello Levitt, where he serves as Chair of the Firm's Antitrust and Competition Litigation Practice, and a member of the Firm's Diversity, Equity, & Inclusion Committee.  Mr. Asciolla is a highly-regarded, national antitrust practitioner who represents businesses, pension funds, and health and welfare funds in complex antitrust class actions. A member of the LGBTQIA+ community, Mr. Asciolla was recently appointed as Vice-Chair of the ABA Antitrust Section's Diversity.Advanced committee and is a member of its Sexual Orientation and Gender Identity Working Group. He has been named a Titan of the Plaintiffs Bar by Law360, a leading plaintiffs' competition lawyer by Chambers & Partners USA and Global Competition Review, one of the "Leading Plaintiff Financial Lawyers in America" by Lawdragon, and a "Leading Lawyer" and former "Next Generation Lawyer" by The Legal 500. Mr. Asciolla is currently leading several major antitrust cases, including *In re Generic Pharmaceuticals Pricing Antitrust Litigation* (E.D. Pa.), one of the largest antitrust cases on record, and *In re European Government Bonds Antitrust Litigation*, which alleges price-fixing of EGBs by several large dealer banks. He was also appointed to the steering committee in *In re Crop Inputs Antitrust Litigation* (E.D. Mo.) and co-lead counsel in *In re Surescripts Antitrust Litigation* (N.D. Ill.).

**Karin E. Garvey** is a Partner in the New York office of DiCello Levitt. Having spent 18 years on the defense side, Ms. Garvey is able to deploy the knowledge she gained as defense

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 22 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

counsel to the strategic advantage of her clients on the plaintiffs' side. With more than 25 years of litigation experience, Ms. Garvey has been appointed lead or co-lead counsel in multiple antitrust class actions, including *Fusion Elite All Stars v. Varsity Brands, LLC* (W.D. Tenn.) (representing a proposed class of direct purchasers in a case alleging monopolization and conspiracy to monopolize); *In re Sensipar (Cinacalcet HCl) Antitrust Litigation* (D. Del.) (representing a proposed class of indirect purchasers alleging that defendants conspired to delay the entry of generic competition for that drug); and *In re Surescripts Antitrust Litigation* (N.D. Ill.) (representing a proposed class of pharmacies who have charged the largest provider of e-prescription services of anticompetitive conduct). Ms. Garvey is recommended by *Chambers & Partners USA*, Band 2 for Antitrust Mainly Plaintiff in New York, and *The Legal 500* for excellence in the antitrust practice. She has also been recognized by *Lawdragon* as one of the "Leading Plaintiff Financial Lawyers in America."

### 2.  CPM

**Cotchett, Pitre & McCarthy, LLP** has an extensive history of successfully litigating and trying complex antitrust cases in courts throughout the United States. CPM has repeatedly served as lead counsel in antitrust class actions both under the Sherman Act and pursuant to various state antitrust statutes. The Firm has served in a leadership capacity in many of the largest and most complex antitrust class action cases in the country. For example, in *Auto Parts*, CPM has successfully recovered over $1 billion on behalf of consumer purchasers, in a case that the Department of Justice has called one of the biggest conspiracies in U.S. history. *In re Automotive Parts Antitrust Litigation*, Case No. 2:12-md-02311-SFC (E.D. Mich.). CPM and Adam J. Zapala, along with Elizabeth Castillo, were recently presented with the American Antitrust Institute's ("AAI") award for litigation of the year for its work in the case.

CPM has also served in many other leadership positions in cases involving consumers harmed by anticompetitive conduct, often with the very law firms that are proposed to lead this litigation, including: *In re Transpacific Passenger Air Transportation Antitrust Litigation*, 3:07-

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 23 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

cv-05634-CRB (N.D. Cal.) ("Transpacific") (serving as co-lead counsel, along with Hausfeld LLP., and recovering approximately $150 million); *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 4:13-md02420-YGR (N.D. Cal.) (serving as co-lead counsel, along with Lieff Cabraser and Hagens Berman, for indirect purchasers and recovering over $100 million) ("*Batteries*"); *In re Domestic Airline Travel Antitrust Litigation*, Case No. 1:15-mc01404-CKK (MDL No. 2656) (D.D.C.) ("Domestic Air") (serving as lead counsel, along with Hausfeld LLP, and thus far recovering $60 million in an ongoing case); *Precision Associates v. Panalpina*, Case No. 1:08-cv-00042-BMCJG (E.D.N.Y.) ("*Freight Forwarders*") (serving as lead counsel and recovering over $400 million); and *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD (N.D. Cal.) ("*Capacitors*") (serving as lead counsel for the indirect purchasers and recovering over $80 million). *See* Bojedla Decl. Ex. F (CPM Firm Resume).

**Adam J. Zapala**, who leads CPM's antitrust practice, has had primary responsibility for prosecuting many of the firm's most highly complex class action antitrust cases listed in this application, such as *Transpacific*, *Batteries*, *Auto Parts*, *Capacitors*, *Freight Forwarders*, *Domestic Air*, and many others. Mr. Zapala has also served as lead counsel in a cutting edge MDL privacy case, *In re Vizio Inc. Consumer Privacy Litigation*, Case No. 16-md-02693-JLS (C.D. Cal.), recovering $17 million, along with groundbreaking injunctive relief and significant business practice changes. The legal publication, The Daily Journal, has repeatedly named Mr. Zapala as one of the top 30 antitrust attorneys in all of California. Mr. Zapala has been named to Super Lawyers Northern California Rising Stars list for 2014-2016 and as a Super Lawyer from 2018 to 2022.

**Karin B. Swope** heads up CPM's Seattle Office, where she represents clients in antitrust and consumer protection, securities, and privacy litigation, along with intellectual property counseling. Karin has represented clients for over 25 years in proceedings in state and federal courts across the country. She has been appointed as co-lead counsel and to steering committees in antitrust and consumer cases, including the Nurse Wage Antitrust litigation, the Cedar Shake

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL
- 24 -
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

Antitrust Litigation, and the Hard Disk Drive Antitrust Litigation. Since 2008, Karin has served as an Adjunct Professor at Seattle University School of law, where she has taught the Intellectual Property Art Law Clinic. She previously served as President of Executive Committee of the Intellectual Property Section of the Washington State Bar Association and is a member of the Western Washington Federal Bar Association Local Rules Committee.

**Elizabeth Tran Castillo**, a first generation Vietnamese-American, has extensive experience litigating *Auto Parts* and has had deep involvement in *Transpacific*, *Capacitors*, *Resistors*, *Geisinger*, *Telescopes*, and *Domestic Air*, among other cases. Ms. Castillo received the American Antitrust Institute's Outstanding Antitrust Litigation Achievement by a Young Lawyer Award in 2016 and, along with Mr. Zapala, the Outstanding Antitrust Litigation Achievement in Private Law Award in 2019 for their work in Auto Parts.

### 3. Edelson

**Edelson PC** is a nationally recognized law firm concentrating on high stakes plaintiffs' work, including class, mass, and government actions. The firm is best known for its work in complex technology cases because of its in-house forensics lab staffed with computer forensic investigators and lawyers with technology backgrounds. This in-house expertise has allowed Edelson and its clients to bring cutting-edge technology cases and has been instrumental in recovering billions of dollars in settlements and verdicts for its clients, including the largest consumer recoveries in first-of-their-kind gambling cases that were before this Court ($651 million). Edelson and its team bring deeply relevant experience, resources, and perspective. *See* Bojedla Decl. Ex. G (Edelson Firm Resume). It will be led by Partners **Yaman Salahi** and **Todd Logan**.

**Mr. Salahi** has litigated major antitrust cases, including successfully briefing and arguing an appeal concerning antitrust liability in franchise systems in *Arrington v. Burger King Worldwide, Inc., et al.*, 47 F. 4th 1247 (11th Cir. 2022), and playing meaningful roles in other antitrust class actions that successfully recovered over $100 million for workers challenging no-

PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL

- 25 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

poach agreements. **Mr. Logan** also has significant complex litigation experience, including in this Court. In just the past two years alone, this Court has appointed Mr. Logan as class counsel or settlement class counsel in five first-of-their-kind cases, where Edelson established—for the first time—that online apps can constitute illegal gambling under Washington law, ultimately obtaining settlements exceeding $650 million in total. *Kater v. Churchill Downs Inc.*, 2:15-cv-612 (W.D. Wash.); *Wilson v. Playtika*, No. 3:18-cv-5277 (W.D. Wash.); *Wilson v. Huge, Inc.*, No. 3:18-cv-05276 (W.D. Wash.); *Reed v. Scientific Games*, No. 3:18-cv-565 (W.D. Wash.); *Ferrando v. Zynga*, No. 22-cv-214 (W.D. Wash.); *Benson v. DoubleDown Interactive, LLC*, No. 18-cv-525 (W.D. Wash.).

The litigation team will also include **Solange Hilfinger-Pardo**, an Edelson associate with extensive trial experience and a background in consumer protection. As an Enforcement Attorney at the Consumer Financial Protection Bureau, Ms. Hilfinger-Pardo worked on matters that secured over $425 million in monetary relief to consumers and over $100 million in civil penalties, earning her the Director's Mission Achievement Award and Exceptional Accomplishment Award. Ms. Hilfinger-Pardo also previously worked as a public defender, where she solo chaired 15 jury trials and ran an extensive motions practice. Finally, Edelson brings with it its in-house forensics lab, led by **Shawn Davis**, the firm's Director of Digital Forensics, who serves as an Adjunct Industry Professor at the Institute of Technology and was appointed to the Federal Government Advisory Committee on Evidence Building with the U.S. Department of Commerce.

## V.   CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court enter the attached Proposed Order appointing leadership in these cases, by consent of all plaintiffs with cases currently pending in this District.

**PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL

- 26 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

1  Dated:         December 19, 2022         Respectfully submitted,

2                                           /s/ Steve W. Berman

3  Eric L. Cramer*                          Steve W. Berman, WSB# 12536
   Michaela L. Wallin*                      Breanna Van Engelen, WSB #49213
   **BERGER MONTAGUE PC**                   **HAGENS BERMAN SOBOL SHAPIRO**
4  1818 Market Street, Suite 3600           **LLP**
   Philadelphia, PA 19103                   1301 Second Avenue, Suite 2000
5  Tel: (215) 875-3000                      Seattle, Washington 98101
   Email: ecramer@bm.net                    Telephone: (206) 623-7292
6  Email: mwallin@bm.net                    Facsimile: (206) 623-0594
                                            Email: steve@hbsslaw.com
7                                           Email: breannav@hbsslaw.com

8                                           *Local Counsel for Plaintiffs*

9  Daniel J. Walker*                        Gary I. Smith, Jr.
   **BERGER MONTAGUE PC**                   **HAUSFELD LLP**
10 2001 Pennsylvania Avenue, NW, Suite 300  600 Montgomery Street, Suite 3200
   Washington, DC 20006                     San Francisco, CA 94111
11 Tel: (202) 559-9745                      Tel: (415) 633-1908
   Email: dwalker@bm.net                    Email: gsmith@hausfeld.com
12
   Brendan P. Glackin                       Swathi Bojedla
13 Dean M. Harvey                           **HAUSFELD LLP**
   **LIEFF CABRASER HEIMANN &**             888 16th Street, N.W., Suite 300
14 **BERNSTEIN, LLP**                       Washington, DC 20006
   275 Battery Street, Suite 2900           Tel: (202) 540-7200
15 San Francisco, CA 94111                  Email: sbojedla@hausfeld.com
   Tel: 415-956-1000
16 Email: bglackin@lchb.com
   Email: dharvey@lchb.com
17
   Dan Drachler, WSBA #27728                Katie R. Beran
18 **LIEFF CABRASER HEIMANN &**             **HAUSFELD LLP**
   **BERNSTEIN, LLP**                       325 Chestnut Street, Suite 900
19 1904 Third Avenue, Suite 1030            Philadelphia, PA 19106
   Seattle, WA 98101                        Tel: 1 215 985 3270
20 Telephone: (206) 895-5005                Email: kberan@hausfeld.com
   Facsimile: (206) 895-3131
21 Email: ddrachler@lchb.com

22 Janet M. Herold*                         Jason Scott Hartley*
   Benjamin D. Elga*                        **HARTLEY LLP**
23 Lucy B. Bansal *                         101 W. Broadway, Suite 820
   **JUSTICE CATALYST LAW**                 San Diego, CA 92101
24 40 Rector Street, Floor 9                Tel: (619) 400-5822
   New York, NY 10006                       Email: hartley@hartleyllp.com
25 Tel: (518) 732-6703
   Email: jherold@justicecatalyst.org
26

PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL
Case No. 2:22-cv-01712-RSL                - 27 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

Email: belga@justicecatalyst.org
Email: lbansal@justicecatalyst.org

*Counsel for Plaintiffs*
*motion for admission pro hac vice forthcoming

**PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL

- 28 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on December 19, 2022, a true and correct copy of the foregoing was

3

filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

4

5

/s/ Swathi Bojedla

6

Swathi Bojedla

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PLAINTIFFS' MOTION TO APPOINT INTERIM
CO-LEAD COUNSEL**
Case No. 2:22-cv-01712-RSL

- 29 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 623-7292