THE HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

LAUREN ASHLEY MORGAN, *et. al.*,

11

Plaintiffs,

12

vs.

13

REALPAGE, INC., *et al.*,

14

Defendants.

15

16

Case No. 2:22-cv-01712-RSL

**MOTION TO INTERVENE AND
DENY MOTIONS FOR
CONSOLIDATION AND
APPOINTMENT OF CLASS
COUNSEL**

NOTE ON MOTION CALENDAR:
February 3, 2023

17

18

19

20

21

22

23

24

25

26

27

MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1

2   Intervening Plaintiffs Zachary Corradino, Samantha Reyes,[1] Priscilla Parker, Patrick Parker, Barry Amar-Hoover,[2] Jeremy Enders,[3] and Mary Bertlshofer,[4] ("Intervening Plaintiffs")

3

4   have cases pending against RealPage, Inc., and several property managers in Districts of Florida, Colorado, and Arizona, respectively.  These cases allege antitrust violations in the multi-family

5   rental housing markets of several geographic regions located outside this District.

6   Intervening Plaintiffs seek to intervene in this action for the limited purpose of

7   responding to the pending motion to consolidate certain cases in Western District of Washington

8   against RealPage, Inc. ("RealPage"), *Navarro v. RealPage, Inc., et al.*, No. 2:22-cv-01552-RSL

9   ("*Navarro*"), Dkt. No. 64 at 1 ("Consolidation Motion"); and the separate, but related, motion to

10  appoint lead counsel in the "multi-family suits" ("Proposed Leadership"), *Morgan v. RealPage,*

11  *Inc., et al.*, No. 2:22-cv-01712-RSL ("*Morgan*"), Dkt. No. 52 at 1.

12  The *Navarro* and *Morgan* plaintiffs' motions are both premature and inappropriate.  First,

13  these cases, like those filed by Intervening Plaintiffs (and several others around the country), are

14  currently subject to a motion for transfer and consolidation under 28 U.S.C. §1407 ("1407

15  Motion") pending before the Judicial Panel on Multidistrict Litigation ("Panel").  *See In re:*

16  *Apartment Rental Software Antitrust Litigation*, Case MDL No. 3071, Dkt. No. 1.  Defendant

17  RealPage and several property managers filed that motion on December 5, 2022, and renewed it

18  after additional cases were filed on January 4, 2023.  Therefore, the *Navarro* plaintiffs'

19  Consolidation Motion seeks to end-run this process currently playing out before the JPML.

20  The *Morgan* plaintiffs' motion to appoint co-lead counsel and liaison counsel

21  (collectively "Proposed Leadership"), for a putative nationwide class of individuals renting

22  multifamily housing from Defendants, *Morgan*, Dkt. No. 52 at 1 ("Leadership Motion"), while

23  many cases remain outstanding in districts around the country is, likewise, an attempt to preempt

24

25  [1] *Corradino, et al. v. RealPage, Inc., et al.*, No. 1:23-cv-20165 (S.D. Fla. Jan. 13, 2023) ("*Corradino*").
    [2] *Parker, et al. v. RealPage, Inc., et al.*, No. 1:23-cv-20160 (S.D. Fla. Jan. 13., 2023) ("*Parker*").

26  [3] *Enders v. RealPage, Inc., et al.*, No. 1:23-cv-00055 (D. Colo Jan. 9, 2023) ("*Enders*").
    [4] *Bertlshofer v. RealPage, Inc., et al.*, No. 2:23-cv-000018-RSL (D. Ariz. Jan. 5, 2023) ("*Bertlshofer*").

27  MOTION TO INTERVENE AND DENY MOTIONS FOR
    CONSOLIDATION AND APPOINTMENT OF CLASS
    COUNSEL - 1
    Case No. 2:22-cv-01712-RSL

1  the JPML process and have leadership appointed in a single action where other plaintiffs with

2  live claims do not have an opportunity to respond.

3       This is especially true given that Intervening Plaintiffs, who filed their actions on January

4  5, 9, and 13, did not have an opportunity to respond to the Leadership and Consolidation

5  Motions, whose deadlines were January 3, 2023 and January 9, 2023, respectively.[5]  Intervening

6  Plaintiffs, therefore, respectfully seek permission to intervene in the *Navarro* and *Morgan*

7  actions for the limited purpose of requesting the Court deny without prejudice the Consolidation

8  and Leadership Motions, or, in the alterative, hold them in abeyance until such time as the Panel

9  rules on the 1407 Motion.

10       The relief sought will preserve the status quo while Defendants' 1407 Motion is

11  pending—with a hearing in March—as the Panel may consolidate and transfer the cases to an

12  entirely different district.[6]  Once the Panel has identified the proper transferee court, all interested

13  parties should then have an opportunity to be heard on the appointment of interim class counsel

14  and the proposed leadership structure.  This course of action will ensure that the Proposed

15  Leadership does not take steps in this action that purport to bind all plaintiffs, including

16  Intervening Plaintiffs, whose actions are not implicated by the Consolidation motion.

17       Intervening Plaintiffs have met and conferred with *Navarro* and *Morgan* Plaintiffs, who

18  oppose the present motion.  They have also met and conferred with Defendants, who take no

19  position.  Plaintiffs in all but one of the related actions pending outside this District, as well as

20  Plaintiff Boelens, whose case was brought in this district, support Intervening Plaintiffs' motion.

21  *See* Declaration of Sam Strauss submitted herewith ("Strauss Decl."), ¶¶ 4-5.

22

23

24

---

25  [5] The Consolidation Motion opposition date was originally January 3, 2023, but changed after movants re-noted that motion to January 13, 2023.  *Navarro*, Dkt. No. 73.

26  [6] There are currently three proposed locations to send this case: the Northern District of Texas; the District of Colorado; and this District.

27  MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL - 2
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# I. ARGUMENT

## A.     Intervening Plaintiffs Should Be Permitted to Intervene

The "court may permit anyone to intervene [in an action] who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P., 24(b)(1)(B).[7] In the Ninth Circuit, permissive intervention "generally requires . . . a timely motion; and . . . a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 973 (9th Cir. 1992).  Where, as here, the intervenors "do not seek to litigate a claim on the merits," an "independent jurisdictional basis is not required." *Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377, 382 (W.D. Wash. 2017).

While Intervening Plaintiffs "bear[] the burden of showing that [they] meet[] these requirements, they are broadly interpreted in favor of intervention." *Aguirre v. Aaron's, Inc.*, No. 3:17-CV-00297-L-BLM, 2019 WL 1937573, at *1 (S.D. Cal. May 1, 2019); *see also Arthur v. Sallie Mae, Inc.*, No. C10-0198JLR, 2011 WL 13127651, at *1 (W.D. Wash. June 6, 2011) ("Intervention is allowed liberally in class actions[.]").

Once these requirements are met, permissive intervention is at the Court's discretion. *See Orange Cnty. v. Air Calif.*, 799 F.2d 535, 539 (9th Cir. 1986).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Arthur*, 2011 WL 13127651, at *1 (finding the timeliness of the motion relevant to whether the original parties would be prejudiced).  "The Court may also consider the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits[.]" *Nooksack Indian Tribe*, 321 F.R.D. at 383.

Intervening Plaintiffs meet all requirements for permissive intervention, seeking to intervene for the limited purpose of requesting that the Consolidation and Leadership Motions be denied without prejudice pending the Panel's ruling on the 1407 Motion.  Intervening

---

[7] Unless otherwise noted all internal citations and quotations are omitted, and all emphases are added.

MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL - 3
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1   Plaintiffs' Motion is timely, as it was filed promptly after Intervening Plaintiffs filed their

2   complaints, only days after *Navarro/Morgan* plaintiffs' and certain Defendants filed their reply

3   and opposition briefs,[8] respectively, and well before the Panel will take up the 1407 Motion. *See*

4   Strauss Decl., ¶ 6.  Moreover, Intervening Plaintiffs' cases concern common issues of law and

5   fact.  Plaintiffs in all cases challenge the same alleged misconduct in the multi-family rental

6   markets and seek to represent partially overlapping classes.

7        The discretionary factors also favor intervention.  First, Intervening Plaintiffs have a

8   strong interest in being heard.  Granting the Consolidation and Leadership Motions will

9   prejudice Intervening Plaintiffs' due process rights.  As to the Leadership Motion, the Proposed

10  Leadership group seeks an appointment they believe will confer upon them authority to act on

11  behalf of a putative nationwide class, including Intervening Plaintiffs, whose actions are not

12  subject to consolidation and have not had an opportunity to be heard on the question of

13  leadership or to submit an application in support of the appointment of their own counsel's

14  appointment.   *Navarro*, Dkt. No. 71 at 3.  In this regard, the Consolidation Motion is not a

15  separate motion, but rather a practical prerequisite to the Leadership Motion—there is no need

16  for an interim class leadership structure for only one case.

17        Second, any delay or prejudice to the *Navarro/Morgan* plaintiffs would be minimal,

18  particularly as Intervening Plaintiffs are willing to forego their right of reply to this motion.  Any

19  claim to the contrary by the *Navarro/Morgan* plaintiffs is undermined by their own actions, as

20  they have stipulated with Defendants in the cases they seek to consolidate to indefinitely suspend

21  the deadlines for some or all Defendants to answer.  *See, e.g.*, *Morgan* Dkt. Nos. 95, 99, 108,

22  133.  Given the pending 1407 Motion, the agreed stays, and even the absence of certain

23  Defendants' appearances, the *Navarro/Morgan* plaintiffs know these cases will not move

24  forward until the Panel decides the 1407 Motion.  As such, the premature Consolidation and

25

26  [8] *See* Defs.' Response to Pls.' Mot. to Consol. Cases Pursuant to FRCP 42(a), *Navarro*, Dkt. No. 76 ("Defs.' Consolidation Opposition" or "Defs.' Consol. Opp.").

27  MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL - 4
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1    Leadership Motions are no more than an attempt to gain a strategic advantage ahead of the JPML

2    process, seeking an early leadership appointment in one district before plaintiffs in any of the

3    pending cases have an opportunity to respond (as they would after the Panel consolidates the

4    actions in a single location). The minimal (if any) prejudice to the *Navarro/Morgan* plaintiffs is

5    far outweighed by the potential harm to Intervening Plaintiffs and other plaintiffs whose actions

6    are pending outside this District.

7          Consequently, Intervening Plaintiffs meet all the criteria for permissive intervention and

8    their request should be granted. *See Saiki v. MCG Health LLC*, No. 2:22-CV-849-RSM-DWC,

9    2022 WL 3104034, at *2 (W.D. Wash. Aug. 4, 2022) (granting plaintiff in related action

10   permissive intervention to oppose premature class leadership motion).

11   **B.     Intervening Plaintiffs Should Be Granted Relief from the Opposition Deadlines
            Under the Local Rules**

12   
         Intervening Plaintiffs should likewise be granted relief under Local Civil Rule 7(j) from

13   the deadline to oppose the Consolidation and Leadership Motions. While "Local Civil Rule 7(j)

14   cautions that, 'whenever possible,' a motion for relief from a deadline should 'be filed

15   sufficiently in advance of the deadline to allow the court to rule on the motion prior to the

16   deadline,'" *White v. Skagit Bonded Collectors, LLC*, No. 2:21-CV-00697-LK, 2022 WL 508825,

17   at *1 (W.D. Wash. Jan. 24, 2022), a motion for relief should be granted where "good cause"

18   exists. *See Allstate Indem. Co. v. Lindquist*, No. C20-1508JLR, 2022 WL 1443676, at *2 (W.D.

19   Wash. May 6, 2022).

20        The good cause inquiry primarily considers the movant's diligence. *In re W. States

21   Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination

22   is whether the deadline could not "reasonably be met despite the diligence of the party seeking

23   the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

24   Courts consider whether the movant acted promptly once it became apparent that the movant

25   required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467

26   

27   MOTION TO INTERVENE AND DENY MOTIONS FOR
     CONSOLIDATION AND APPOINTMENT OF CLASS
     COUNSEL - 5
     Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1   (S.D. Cal. 2012).  Ultimately, relief from deadlines should normally be granted "in the absence

2   of bad faith on the part of the party seeking relief or prejudice to the adverse party."  *Young v.*

3   *Pena*, No. C18-1007JLR, 2019 WL 461161, at *1 (W.D. Wash. Feb. 6, 2019*) (citing 4B Charles

4   Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* §1165 (3d ed. 2004)).

5       Intervening Plaintiffs have good cause for relief from the deadline—namely, each of their

6   complaints was filed after the date on which opposition briefing to the Motions was due.  Because

7   they had yet to commence their actions at the time an opposition was due, Intervening Plaintiffs

8   could not have met the deadline imposed by the Court.  Further, Intervening Plaintiffs are acting

9   to protect their rights in a timely manner after filing, demonstrating the absence of bad faith and

10  the diligence of Intervening Plaintiffs.

11      Furthermore, due process requires that Intervening Plaintiffs be granted an exception to

12  the deadline.  The Consolidation and Leadership Motions implicate Intervening Plaintiffs' due

13  process rights.  Intervening Plaintiffs are entitled to, at a minimum, "an opportunity to be heard

14  'at a meaningful time and in a meaningful manner'" in relation to the appointment of interim

15  counsel over a proposed class that encompasses their claims.  *Schmid v. Cnty. of Sonoma*, No.

16  21-15722, 2022 WL 1638198, at *2 (9th Cir. May 24, 2022) (quoting *Brewster v. Bd. of Educ.*

17  *of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998) and *Armstrong v. Manzo*, 380

18  U.S. 545, 552 (1965)).  Absent relief from the deadline, Intervening Plaintiffs will be denied that

19  opportunity to be heard.  For these reasons, the Court should grant relief from the deadline to

20  oppose the Consolidation and Leadership Motions under Local Civil Rule 7(j).

21  **C.**    **Intervening Plaintiffs' Requested Relief Should Be Granted**

22          1.    <u>The Consolidation Motion Should Be Denied</u>

23      The *Navarro/Morgan* plaintiffs bear the burden of showing that "consolidation is

24  appropriate."  *Huebner v. Am. Fam. Connect Prop. & Cas. Ins. Co.*, Nos. C22-0882RSL & C22-

25  987RSL, 2022 WL 4754253, at *1 (W.D. Wash. Oct. 3, 2022).  As Defendants' correctly note,

26  *Navarro/Morgan* plaintiffs must show: (1) the actions share common questions of law and fact;

27  MOTION TO INTERVENE AND DENY MOTIONS FOR
    CONSOLIDATION AND APPOINTMENT OF CLASS
    COUNSEL - 6
    Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1    (2) consolidation would save ***all parties*** time and effort; and (3) consolidation would not produce

2    inconvenience, delay, and unnecessary expense.   Defs.' Consol. Opp. at 4 (citing *Huene v.*

3    *United States*, 743 F.2d 703, 704 (9th Cir. 1984)).   For the reasons outlined in Defs.'

4    Consolidation Opposition,[9] and those outlined below, the *Navarro/Morgan* plaintiffs do not meet

5    these requirements.

6       At this stage, allowing the Panel to take up the pending 1407 Motion in accordance with

7    its already-published schedule will avoid the delay, harm, and inconvenience caused to

8    Defendants and plaintiffs outside this District inherent in the proposed piecemeal consolidation

9    of certain suits here.   Intervening Plaintiffs ultimately support consolidation and centralization.

10   But, in response to the 1407 Motion they will seek the transfer of these actions to a jurisdiction

11   other than Western District of Washington—one that is more conveniently located for all parties

12   and their counsel, and closer to the evidence at issue.   Intervening Plaintiffs understand that

13   plaintiffs whose actions are pending outside of this District will also take this position before the

14   Panel.   Strauss Decl., ¶¶ 6-7.[10]   The Panel's decision will streamline adjudication of the

15   procedural issues presently before this Court by centralizing all like cases in a single jurisdiction

16   and mooting the risk of inconsistent or competing rulings leadership.

17      By contrast, the Motion to Consolidate, which only seeks to consolidate 16 of the 29

18   cases pending nationwide, provides at best an incomplete solution.   While two cases were

19   pending outside this District at the time both motions were filed,[11] as of the filing of this motion

20   an additional 11 cases have been filed outside this District, including those filed by Intervening

21   Plaintiffs.[12]   There are now related cases in nine jurisdictions across the country, which implicate

22   ────────────────

[9] As to this point, Intervening Plaintiffs adopt, rather than repeat, those arguments set out in Defs.' Consol. Opp.

23   [10] Moving Plaintiffs have not been able to contact the plaintiff in *Augustson v. RealPage, Inc., et al.*, No. 1:22-cv-00976 (D.N.M. Dec. 27, 2022) in relation to their intended response to the 1407 Motion.

24   [11] *Weaver v. RealPage, Inc., et al.*, No. 1:22-cv-03224 (D. Colo. Dec. 14, 2022); *White v. RealPage, Inc., et al.*, No. 1:22-cv-12134 (D. Mass. Dec. 16, 2022).

25   [12] Those 11 cases are: (1) *Vincin, et al. v. RealPage, Inc. et al.*, No. 1:22-cv-01329 (W.D. Tex. Dec. 19, 2022); (2) *Carter v. RealPage, Inc., et al.*, No. 1:22-cv-1332 (W.D. Tex. Dec. 19, 2022); (3) *Mackie v. RealPage, Inc., et al.*, No. 1:23-cv-00011 (D. Colo. Jan. 3, 2023); (4) *Watters v. RealPage, Inc., et al.*, No. 3:22-cv-01082 (M.D. Tenn. Dec.

26

27   MOTION TO INTERVENE AND DENY MOTIONS FOR
     CONSOLIDATION AND APPOINTMENT OF CLASS
     COUNSEL - 7

     Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1  varying, but overlapping, putative classes.[13]  If *Navarro/Morgan* plaintiffs' motions are granted,

2  it will incentivize litigants to proceed similarly in other districts, adding confusion to an already

3  complex procedural landscape.  Consolidation thus will do nothing to prevent inconsistent results

4  because the 1407 Motion remains pending, as do several related actions in different jurisdictions.

5  *See Uchenik v. McGraw Hill, LLC*, No. 20CV3162 (DLC), 2020 WL 7043538, at *1 (S.D.N.Y.

6  May 15, 2020) (staying action pending JPML decision where plaintiffs, defendants, and

7  intervenors all wanted the case to proceed in different districts).

8  For these reasons, the Motion to Consolidate likewise will not prevent duplicate

9  discovery or potentially conflicting scheduling orders.  *Cf. Navarro*, Dkt. No. 79 at 3-4.  The

10  *Morgan/Navarro* plaintiffs' argument that a "1407 Motion should be a 'last solution' to

11  centralize related cases," and claims that this represents the consensus view of plaintiffs in these

12  related actions also falls flat.[14]  At least 13 plaintiffs in these related actions, represented by six

13  separate counsel groups across multiple districts, as well as the majority of Defendants who have

14  appeared, oppose the *Morgan/Navarro* plaintiffs' views on how best to centralize and organize

15  these actions.  The Panel is best placed to resolve those disagreements—indeed it is the entire

16  purpose of the Panel.  *Uchenik*, 2020 WL 7043538, at *1 ("[T]he JPML is best positioned to

17  evaluate in the first instance whether consolidation into an MDL is appropriate.").  Intervening

18  Plaintiffs' request to intervene to preserve the status quo pending resolution of the 1407 Motion

19  is appropriate.   *See Tonkawa Tribe of Indians of Okla. v. Sci. Games Corp.*, No.

20  220CV01637GMNBNW, 2021 WL 3847802, at *4 (D. Nev. Aug. 27, 2021) (granting request

21

22  30, 2022); (5) *Augustson v. RealPage, Inc., et al.*, No. 1:22-cv-00976 (D.N.M. Dec. 27, 2022); (6) *Kramer v. RealPage, Inc., et al.*, No. 1:22-cv-03835 (D.D.C. Dec. 29, 2022); (7) *Precht v. RealPage, Inc., et al.*, No. 1:22-cv-12230 (D. Mass. Dec. 29, 2022); (8) *Bertlshofer v. RealPage, Inc., et al.*, No. 2:23-cv-00018-RSL (D. Ariz. Jan. 5, 2023); (9) *Enders v. RealPage, Inc., et al.*, No. 1:23-cv-00055 (D. Colo. Jan. 9, 2023); (10); *Parker, et al. v. Real Page Inc., et al.*, No. 1:23-cv-20160 (S.D. Fla. Jan. 13, 2023); and (11) *Corradino, et al. v. RealPage, Inc., et al.*, No. 1:23-cv-20165 (S.D. Fla. Jan. 13, 2023).

[13] *See* Defendants' Response to Plaintiffs' Motion to Consolidate Cases Pursuant to FRCP 42(a), *Navarro*, Dkt. No. 76 at 2 n.2.

[14] Notwithstanding the 13 other actions not within this District, the *Morgan/Navarro* plaintiffs do not even have a consensus within this District.  *See Morgan*, Dkt. No. 85.

27  MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL - 8
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1    for permissive intervention because "permitting intervention for the limited purpose of

2    requesting transfer may further simplify the cases given the similar class claims and

3    anticompetitive conduct").  For these reasons, parties across multiple actions have entered

4    stipulations or joint motions providing for the stay of these actions pending the Panel's ruling.[15]

5         In the face of these arguments, the *Morgan/Navarro* plaintiffs claim that the

6    Consolidation Motion cannot prejudice plaintiffs outside this District, *see* Dkt. No. 79 at 5-6.

7    However, the Consolidation Motion is not a stand-alone motion, but is both a functional

8    prerequisite and a necessary complement to the Leadership Motion.  Consolidating class cases

9    without appointing interim leadership creates chaos instead of efficiency, and appointing interim

10   class leadership without consolidating cases risks multiple slates of interim class leadership, all

11   purporting to speak for overlapping classes.  The *Morgan/Navarro* plaintiffs simply ignore these

12   practical realities.   And their approach will only encourage other plaintiffs to seek the

13   consolidation of related actions filed in other districts ahead of the Panel's decision, and likewise

14   seek their counsel's appointment as interim counsel of overlapping classes.

15        Because it will not produce efficiencies while prejudicing Intervening Plaintiffs,

16   Defendants, and others, the Court should deny the Motion to Consolidate without prejudice.

17        2.      The Leadership Motion Should Be Denied

18        While the number of related actions filed across the country will ultimately require the

19   appointment of interim class counsel, the Leadership Motion is premature for several reasons.

20        First, because all the related cases are not yet before a single court, the Court is not able

21   to consider the views of all parties, including Intervening Plaintiffs', nor the qualifications of all

22   potential applicants.  Intervening Plaintiffs' due process rights will be prejudiced if the Court

23   grants the Leadership Motion without considering the views of all plaintiffs.  The Proposed

24   Leadership are *explicit* that they seek appointment over a "nationwide class[], including subsets

25

26   [15] The answer from Defendant B/T Washington in *Armas, et al. v. RealPage, Inc., et al.*, No. 2:22-cv-01726 (W.D. Wash.), was filed despite the entry of the stipulated motion.  *See id.*, Dkt. Nos. 54 and 65.

27   MOTION TO INTERVENE AND DENY MOTIONS FOR
     CONSOLIDATION AND APPOINTMENT OF CLASS
     COUNSEL - 9
     Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

of that class for which copycat [sic] actions are currently pending outside this district,"[16] so as to make decisions on behalf of, and bind, those out-of-district plaintiffs who may disagree concerning the conduct of this litigation. *Navarro*, Dkt. No. 71 at 3. But out-of-district plaintiffs, including Intervening Plaintiffs, have had no say in the appointment of lead counsel, the structure of the leadership slate, nor the manner in which these cases would be pled under the leadership so appointed. Plaintiffs for 12 of the 13 cases presently proceeding outside this District, and in *Boelens v. RealPage, Inc., et al.*, No. 2:22-cv-01802, within this District, do not support the leadership group or structure proposed by the *Navarro/Morgan* plaintiffs, and intend to submit a competing leadership application to the court to whom the Panel transfers these actions. Strauss Decl., ¶ 7. The Leadership Motion cannot be rubber stamped as a form of "private ordering" in these circumstances, there being no consensus as to leadership. MANUAL FOR COMPLEX LITIGATION, Fourth, §21.272 (where parties are "unable to agree on a lead class counsel, and are competing for appointment[,]" the court should "select[] from counsel who have filed actions[.]"); *see also In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18CV108, 2018 WL 5809409, at *1 (E.D. Va. June 20, 2018) (court declined to rule on consolidation and leadership for four months while case was before JPML, then ordered re-briefing on leadership issues once the JPML transferred the MDL to that court).

Second, while this Court lacks the authority to bind plaintiffs in other Districts absent a decision from the Panel consolidating all cases nationwide before this Court,[17] because the Proposed Leadership seeks appointment as nationwide counsel, Proposed Leadership could seek to bind Intervening Plaintiffs in the interim, prejudicing their rights and imposing needless costs and delays when the parties seek to unwind any leadership decision after the Panel's ruling.

---

[16] Intervening Plaintiffs do not accept the characterization of their suits as "copycat" actions, particularly when all plaintiffs to these suits rely primarily on the public reporting of *ProPublica*.

[17] Similarly, as noted by Defendants in their opposition to these motions, several Defendants have not been served and accordingly, their counsel have not appeared, raising questions about whether the Court currently has jurisdiction to bind all Defendants to the *Navarro* and *Morgan* actions, let alone Defendants only named in actions filed outside this District. *See* Defs.' Consol. Opp. at 5.

MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL - 10
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1    Third, deciding the Leadership Motion now, without considering the other applicants'

2    qualifications, would also inhibit the Court's ability to make a considered judgment as required

3    under Rule 23(g)(1), to the detriment of class members.  *See, e.g.*, *Saiki*, 2022 WL 3104034, at

4    *1-2 (denying as premature a plaintiff's leadership motion when not all related cases had been

5    consolidated before one Court, finding that "if the Court consolidates [all] the aforementioned

6    related cases then Plaintiffs are entitled to be represented by 'the applicant best able to represent

7    the interests of the class," pursuant to Fed. R. Civ. P. 23(g)(2)); *Smallman v. MGM Resorts Int'l*,

8    No. 2:20-cv-00376-GMN-NJK, 2021 WL 326135, at *3 (D. Nev. Feb. 1, 2021) (selecting the

9    counsel "best suited to advocate for the interests of the putative class" although all "attorneys are

10   more than qualified").

11   In light of the foregoing, courts regularly hold that appointment of interim counsel should

12   not occur in circumstances such as this.  *Davis v. GEICO Cas. Co.*, No. 2:19-CV-2477, 2021

13   WL 4876213, at *2 (S.D. Ohio May 20, 2021) ("[C]ourts often deny appointment of interim

14   class counsel when there are competing class actions in different courts that have not been

15   consolidated."); *Tokarski v. Med-Data, Inc.*, 2:21-CV-00631-TL, 2022 WL 815882, at *4 (W.D.

16   Wash. Mar. 17, 2022) (denying interim leadership motion, holding that the "Court is not aware

17   of any precedent for appointing interim counsel where the other cases are pending before not

18   only another judge but also a judge in a completely different state and/or jurisdiction");

19   *Navarrete v. Hill's Pet Nutrition, Inc.*, No. C 19-00767 WHA, 2019 WL 1932388, at *1 (N.D.

20   Cal. May 1, 2019) ("The putative class would . . . be better served by waiting for the JPML's

21   determination regarding consolidation prior to the appointment of interim counsel.  Should the

22   cases be consolidated, interim counsel should possibly be appointed once all parties and their

23   counsel have been given a fair opportunity to be heard.").

24   Given the breadth of the conduct at issue in these cases, it may be that more class actions

25   are filed ahead of the Panel's March hearing.  Like Intervening Plaintiffs, these potential future

26   parties have not been given notice of the Leadership Motion, and have had no opportunity to be

27   MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL - 11
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1  heard on the relief it requests.  Intervening Plaintiffs have proposed that all pending cases, as

2  well as future related cases, be consolidated by the Panel, thus affording any interested party a

3  fair opportunity to submit an application for appointment of interim class counsel, propose an

4  appropriate leadership structure that accounts for the potential conflicts between competing or

5  overlapping classes, and the schedule that will govern the conduct of these proceedings.

6      Consequently, appointment of interim class counsel is premature.  As the Honorable

7  Judge William H. Alsup recently concluded when faced with a similar fact pattern, "at the

8  moment this [Leadership Motion] seems more like an attempt by plaintiffs' lawyers to jockey

9  for position among different cases that may eventually wind up in an MDL.  In that event, it

10  would be best to leave to the MDL judge who should become interim class counsel." *Bielski v.*

11  *Coinbase, Inc.*, No. C 21-07478 WHA, 2022 WL 17650535, at *3 (N.D. Cal. Dec. 13, 2022).

12  Judge Alsup's reasoning applies with equal force here.  The Leadership Motion should be denied.

13                              **II.  CONCLUSION**

14      For these reasons, the Court should grant Intervening Plaintiffs' motion for permissive

15  intervention and relief from the Consolidation and Leadership Motion deadlines, and deny

16  without prejudice the Consolidation and Leadership Motion.

17  Dated: January 16, 2023                    /s/ *Samuel J. Strauss*, WSBA #46971

18                                             Samuel J. Strauss, WSBA #46971
                                               Email: sam@turkestrauss.com

19                                             **TURKE & STRAUSS LLP**
                                               613 Williamson St., Suite 201

20                                             Madison, WI 53703
                                               Telephone: (608) 237-1775

21                                             Facsimile:  (608) 509-4423

22                                             Seattle, WA 98101

23                                             *Local Counsel for Plaintiffs Mr. Corradino, Ms.*
                                               *Reyes, Mrs. Parker, Mr. Parker, Mr. Amar-Hoover,*

24                                             *Mr. Enders, and Ms. Bertlshofer*

25

26

27  MOTION TO INTERVENE AND DENY MOTIONS FOR
    CONSOLIDATION AND APPOINTMENT OF CLASS
    COUNSEL - 12
    Case No. 2:22-cv-01712-RSL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

David R. Scott
Patrick McGahan
Michael Srodoski
G. Dustin Foster
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone:  (860) 537-5537
Facsimile:  (860) 537-4432
david.scott@scott-scott.com
pmcgahan@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com

Thomas J. Undlin
Stacey Slaughter
Geoffrey H. Kozen
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181
tundlin@robinskaplan.com
sslaughter@robinskaplan.com
gkozen@robinskaplan.com
ahurt@robinskaplan.com

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

*Additional Counsel for Plaintiffs Mrs. Parker, Mr.*
*Parker, and Mr. Amar-Hoover*

MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL - 13
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION TO INTERVENE AND DENY MOTIONS FOR
CONSOLIDATION AND APPOINTMENT OF CLASS
COUNSEL - 14
Case No. 2:22-cv-01712-RSL

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com